IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

2004 MAR 18  PM 3: 58

CLERK U.S. DISTRICT C...
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| JOHN DOE, | : | **4:04-CV-40161** |
| Plaintiff, | : | NO. _____ |
| vs. | : | |
| PERRY COMMUNITY SCHOOL DISTRICT, **RANDY MCCAULLEY**, Individually and in his official capacity as Superintendent of Perry Community School District, **DAN MARBURGER**, Individually and in his official capacity as Principal of the Perry High School, **BOB GITTENS**, Individually and in his official capacity as Associate Principal of the Perry High School, and **JERRY "PAT" JANS**, Individually and in his official capacity as School Resource Officer in the Perry Community School District, and individually and in his official capacity as a police officer for the Perry, Iowa Police Department, and the **CITY OF PERRY, IOWA**, | : : : : : : : : : : : : : | **COMPLAINT**  **(Jury Demand)** |
| Defendants. | : | |

The Plaintiff through his undersigned counsel, Robert P. Montgomery, hereby

states the following in support of his Complaint:

## JURISDICTION AND VENUE

1.     This is a civil action arising under 42 U.S.C. Sections 1983, 1985, and

1986 for violations of Plaintiff's constitutional and civil rights which are

guaranteed by the First Amendment, the Equal Protection Clause, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, for violation of Title IX, pursuant to 20 U.S.C. Section 1681, and for other ancillary state claims brought contemporaneously with the aforementioned federal civil causes of action.

2.     Jurisdiction of the Court is invoked under 28 U.S.C. Sections 1331 and 1343 and the aforementioned constitutional and statutory provisions.

3.     Supplemental jurisdiction over ancillary state claims is vested in this Court under 28 U.S.C. Section 1367.

4.     All events and actions referenced in this Complaint occurred in the Southern District of Iowa, therefore venue is proper under 28 U.S.C Section 1391(b).

**PARTIES**

5.     Plaintiff, John Doe, is, and was at all times material hereto, a citizen and resident of the State of Iowa, City of Perry, County of Dallas.  At all times relevant hereto, Plaintiff was a student attending Perry High School (hereinafter referred to as "Defendant's School") in Perry, Dallas County, Iowa.

6.     Defendant,   Perry   Community   School   District   (hereinafter "Defendant School"), is a public school district duly organized under the laws of the State of Iowa and is doing business in Dallas County, Iowa, and acting under color of state law, and is responsible for educating students in the surrounding community, including establishing rules, regulations, and policies regarding the

2

education of students and regarding the educational and school building settings in which the students are taught.

7.     Defendant School controls and manages the public schools in Perry, Iowa, including Perry High School, and employed the individual Defendants named herein, at all times material hereto.

8.     Defendant Randy McCaulley (hereinafter "Defendant McCaulley") was working as an employee and agent for Perry Community School District as the Superintendent of said district at times material hereto.  He supervises all teachers, administrators, coaches, student resource officers, and other employees within the Perry Community School District.  He further establishes and/or enforces certain rules, regulations, and policies regarding the education of students at Perry High School, as well as the educational environment at the high school, and disciplining of students at the High School.  Defendant McCaulley is a person for the purposes of a 42 U.S.C. Section 1983 cause of action, and at times material hereto, was operating as an employee of Defendant's school in his official capacity under color of state law.

9.     Defendant Dan Marburger (hereinafter "Defendant Marburger") was working as an employee and agent for Perry Community School District as the Principal of Perry High School at all times material hereto.  He supervises, or assists in supervising, all teachers, coaches, employees, and student resource officers at Perry High School.  He further establishes and/or enforces certain rules, regulations, and policies regarding the education of students at Perry High School, as well as the educational environment at the high school, and

disciplining of students at the High School. Defendant Marburger is a person for the purposes of a 42 U.S.C. Section 1983 cause of action and, at all times material hereto, was operating as an employee of Defendant school in his official capacity under color of state law.

10.    Defendant Bob Gittens (hereinafter "Defendant Gittens") was working as an employee and agent for Perry Community School District as Associate Principal for the Perry High School at all times material hereto. He supervises, or assists in supervising, all teachers, coaches, employees, and student resource officers at Perry High School. He further establishes and/or enforces certain rules, regulations, and policies regarding the education of students at Perry High School, as well as the educational environment at the high school, and disciplining of students at the High School. Defendant Gittens is also the assistant wrestling coach at Perry High School. Defendant Gittens is a person for the purposes of a 42 U.S.C. Section 1983 cause of action and, at all times material hereto, was operating as an employee of Defendant's school in his official capacity under color of state law.

11.    Defendant Jerry "Pat" Jans (hereinafter "Defendant Jans") was working as an employee and agent for Perry Community School District as a Resource Officer for the Perry High School and was contemporaneously a police officer with the City of Perry, Iowa Police Department at all times material hereto. Defendant Jans is a person for the purposes of a 42 U.S.C. Section 1983 cause of action and, at all times material hereto, was acting in his official capacity under color of state law.

4

12.    Defendant City of Perry, Iowa (hereinafter "Defendant City") is a municipal corporation organized and authorized to operate under the laws of Iowa, and is located at 908 Willis Avenue, Perry, Dallas County, Iowa.  Defendant City is a municipal corporation organized under the laws of Iowa and is responsible for maintaining and operating the City of Perry, Iowa Police Department.

13.    At all times relevant to the events complained of herein, Defendants McCaulley, Marburger, Gittens, and Jans were acting within the scope of their employment or duties with the Perry Community School District and/or Perry Police Department.

## FACTUAL BACKGROUND

14.    Plaintiff, John Doe, is an eighteen year old student in his senior year of high school at Perry High School in Perry, Iowa.  For more than three years now, beginning during his freshman year, he has repeatedly been the victim of hate-based discrimination and harassment and hate-based assaults and threats of violence within the Perry High School Community all because of his perceived sexual orientation.  Plaintiff alleges that because he is perceived as homosexual, he has been subjected to severe verbal and physical harassment, demeaning behavior and treatment (including being beat upon and urinated on), and suffered physical and emotional damage all arising from a hostile and/or homophobic environment fostered or acquiesced in by Defendant school and its officials, the Defendants.

15.    Throughout his nearly four years at Perry High School, Plaintiff has

repeatedly been called "faggot," "queer," "homo," and other anti-gay epithets on campus and in the classrooms, as well as within the setting of extra-curricular activities.   There have been literally dozens or even hundreds of incidents, perpetrated against Plaintiff by over three dozen fellow students at Perry High School within the last few years.  This hate-based discrimination and/or hate-based behavior has sometimes occurred in the presence of teachers and/or administrators. It seemed that on each occasion these incidents were reported to officials for Defendant school, including the Defendants, they refused to take any steps, or any sincere steps, to effectively end the homophobic and hate-based harassment or to protect Plaintiff.

16.   The environment at Perry High School has become so intolerable for Plaintiff that he is afraid for himself and his own safety at the school.  He has experienced chronic psychological injury from the daily harassment at school. He worries about what might happen tomorrow.  He has skipped and/or missed a significant amount of classes in order to avoid harassment.  As a result, his grades and his participation in the educational environment have suffered.

17.   In August of 2003, (the beginning of Plaintiff's senior school year) his doctor forwarded a correspondence to the Defendant school.  The Defendant school was informed that Plaintiff had been treated for over a year for a physical and psychological disorder aggravated by stress.  The correspondence informed Defendant school that the manifestations of his condition were necessarily impeding his educational achievement and his ability to concentrate as well as his ability to relate to and communicate with others in the school and educational

setting. Plaintiff's doctor informed Defendant school that the "principle source of his stress arises from his educational environment." However, since this communication by Plaintiff's doctor to Defendant school, there have been additional incidents of hate-based harassment and demeaning behavior against him with Defendants continuing to fail to take any meaningful steps to end it.

18.    All harassment, intimidation, and assaultive behavior complained of herein began during Plaintiff's freshman year at Defendant School's public high school, Perry High School, and continues to the present day at Defendant School's public high school, Perry High School.

19.    Plaintiff attended St. Patrick's Catholic School prior to enrolling in Perry High School.  At no time during his tenure at St. Patrick's Catholic School was Plaintiff ever subjected to the pervasive attitude and environment of hate, harassment, assaultive and demeaning behavior, and discrimination, including disparaging comments based on his perceived sexual orientation, to which he is currently subjected at Perry High School.

20.    Because of the ongoing problem at Perry High School, and because of the failure of the coaches and administration at Defendant school to meaningfully and effectively end the hate-based harassment, Plaintiff was forced to quit the wrestling squad in January, 2004.  This happened after the rules for qualifying for varsity wrestling were summarily changed as they applied to Plaintiff.  After Plaintiff had lodged, and continued to pursue, a complaint against a member of the wrestling team, the standard rules for varsity qualifying were changed to make it more difficult for Plaintiff to retain his spot on the varsity

squad. Plaintiff is now afraid to exercise his expressive liberties in defense of himself for fear of being verbally and physically assaulted by fellow students. He is currently afraid to take any such steps for fear of being unfairly punished by Defendant School officials, including being suspended from school, forced out of athletic competition, or unfairly charged with a crime, all of which have recently occurred.

21.    On May 8 of 2003, Plaintiff's junior year at Perry High School, Plaintiff sought the advice of Defendant Jans, the Resource Officer and police liaison to Defendant School, on how to handle the hateful, discriminatory and threatening behavior directed toward him from Student #1, a student at Defendant School. Plaintiff informed Defendant Jans that this fellow student was making statements the previous day, calling the Plaintiff a "fucking queer" and a "fucking pussy." Plaintiff further informed Defendant Jans that this fellow student affirmatively threatened harm against Plaintiff by saying he would "fuck him up." Defendant Jans replied by informing Plaintiff that he could confront Student #1 in a "very public place," ask him about the hateful and discriminatory behavior and threats, and make Student #1 "look like a fool."

22.    Heretofore, Plaintiff had been attempting to ignore Student #1's harassment and hateful behavior. However, this was not effective. Plaintiff therefore confided in Defendant Jans, and sought his seemingly trusted advice, since Defendant Jans is one of the primary individuals designated by Defendant School to protect students from threats of harm and/or illegal behavior. Plaintiff approached Defendant Jans about this, because he had been subjected to this

8

type of behavior repeatedly in the past and wanted it to stop.  He further was worried about his safety and simply wanted to avoid the threats and possible harm from this fellow student and wanted to keep himself out of trouble.  This is exactly what he told Defendant Jans.  Immediately after speaking with Defendant Jans, the School Resource Officer at Perry High School, Plaintiff followed the officer's advice and confronted Student #1 in the hallways at Defendant School approximately twenty minutes after receiving this advice from Defendant Jans. Plaintiff exercised his rights of free speech and communicated his protests to the fellow student directing hateful threats and behavior toward him.  Student #1 adversely responded to Plaintiff's inquiry and once again began to loudly refer to Plaintiff as a "fucking fag," "homo," and said he was going to "fuck [Plaintiff] up" and called Plaintiff a "fucking queer."  Student #1 subsequently **physically assaulted Plaintiff and punched him several times**.  Two teachers ultimately intervened in the attack by the fellow student against Plaintiff.

23.     As a result of this hate-driven assault, which was directed against Plaintiff by a fellow student solely because of Plaintiff's perceived sexual orientation, and/or for standing up for himself against hatred and discrimination because of his perceived sexual orientation, **Plaintiff suffered physical injuries, including bleeding from his ear and lacerations on his neck.** Plaintiff did not assault Student #1.  Furthermore, Student #1 is believed to have suffered no injuries during the hate-based assault he perpetrated against the young Plaintiff.

24.    Plaintiff notified Defendant Marburger that he had not initiated the fight and did not throw a punch, even in his own defense.  Defendant Marburger was informed by teachers who came upon the incident that Student #1 was the apparent aggressor.  One of the teachers who happened upon the incident informed Defendant Marburger that Plaintiff immediately was "calmed down," accompanied the teacher "without further touch," conversed in "a lower voice," and "was able to maintain control and composure."  With regard to the other student, who had subjected Plaintiff to hate-based behavior and threats, and who had assaulted the Plaintiff, Defendant Marburger was informed by the teachers that this student  "continued to make inflammatory remarks" about the Plaintiff, and "remained very agitated all the time" they were with him.   Defendant Marburger was further informed about the hateful and assaultive student that even after the teachers intervened it was necessary to "repeatedly attempt to calm..." him down, "...and tell him to quit making inflammatory comments" about Plaintiff.

25.    After this very troubling and hateful incident in which Plaintiff was injured in an assault directed against him by a hateful student, Plaintiff filed a "Student Discrimination/Harassment" complaint against Student #1.  Defendant Marburger responded to Plaintiff's claim by calling Plaintiff a "liar" and, shockingly, **punished the Plaintiff for the very incident in which the Plaintiff was the unfortunate victim of an assault motivated by hate-based discrimination**.  Defendant Marburger gave Plaintiff an extraordinarily unusual punishment, a three day out-of-school suspension.   Defendant Marburger

10

handed out this extraordinarily unusual and unjustified punishment against Plaintiff, even though Defendant Marburger had been informed of all the facts referred to in paragraphs 21 through 24 *supra*.

26.    The student who assaulted Plaintiff, according to one of the teachers who intervened, was not injured in any way.  Additionally, this fellow student was the apparent aggressor according to the teacher's description of the situation.   Also, the Principal, Defendant Marburger, knew that Plaintiff had simply done exactly what he was told to do by the School's Student Resource Officer, Defendant Jans.   Defendant Marburger also knew the Plaintiff had received injuries, but the student making inflammatory and hate-based statements against Plaintiff was not injured.  Nonetheless, in spite of all of these overwhelming facts, the fellow student did not receive any greater punishment than the Plaintiff.

27.    Furthermore, Defendant Jans, the same individual who gave Plaintiff the advice that was implemented in this instance, subsequently made a shocking decision to **arrest Plaintiff and charge him with a crime for doing exactly what he told the young Plaintiff to do—exercise his rights of free speech by protesting to his hateful fellow student in a public forum about the hateful things Student #1 was saying about him.**

28.    Plaintiff adamantly and appropriately contested this shocking and unfortunate criminal charge which was brought against him by Defendant Jans. Defendant Jans received the apparent approval from Defendant School to bring the charges against the Plaintiff for his non-violent speech in the halls of the

school. The criminal charge against Plaintiff was ultimately dismissed after the evidence was heard by an Iowa District Court Judge.

29.    Plaintiff has further been the victim of hate-based harassment, intimidation, and assaultive behavior since his first year at Perry Community High School.

30.    During Plaintiff's freshman and sophomore years at Defendant's school, Student #2 would taunt and harass Plaintiff by calling him a "fag," and "pussy." Furthermore, during Plaintiff's freshman year, Student #2 **assaulted and demeaned Plaintiff by urinating on Plaintiff** in the shower after a wrestling practice. Student #2's general harassing conduct occurred many times, including during football and wrestling practice.

31.    Plaintiff reported Student #2's harassment to Defendant Gittens and Mr. Deardorf, a teacher and wrestling coach at Defendant School. It is believed that Defendants took no disciplinary action and/or meaningful or effective disciplinary action against Student #2 for this behavior.

32.    During Plaintiff's freshman and sophomore football and wrestling seasons at Defendant's school (and after practice and outside of school), Student #3 would regularly taunt and harass Plaintiff by calling him a "fag" and "pussy" and **aggressively engaged Plaintiff in a shoving match**. This occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.

33.   Plaintiff reported Student #3's conduct to Defendant Gittens.   It is believed that Defendants took no disciplinary action against Student #3 for any of this behavior.

34.   During Plaintiff's freshman and sophomore football seasons at Defendant School, Student #4 would taunt and harass Plaintiff on a daily basis by calling him a "fag," "queer," and a "loser" within the confines of the Perry High School building, and/or during school-sponsored extra-curricular practices or activities, and/or during passing times between classes and/or during class and/or lunchtime sessions.

35.   Plaintiff reported Student #4's conduct to Defendant School's football coaches and staff.   It is believed that no disciplinary action was taken against Student #4 for this behavior.

36.   During Plaintiff's freshman and sophomore years at Defendant School, Student #5 regularly taunted and harassed Plaintiff by calling him a "fag loser" within the confines of the Perry High School building, and/or during school-sponsored extra-curricular practices or activities, and/or during passing times between classes and/or during class and/or lunchtime sessions.

37.   Plaintiff reported Student #5's conduct to Defendant School's staff. It is believed that no disciplinary action was taken against Student #5 for this behavior.

38.   During Plaintiff's freshman year at Defendant School, Student #6 would repeatedly taunt and harass Plaintiff in the hallway of the high school by calling him a "fag" in the presence of other students.

39.    It is believed that Plaintiff subsequently reported Student #6's conduct to Defendant Gittens.  It is further believed that no disciplinary action was taken by Defendants against Student #6 for this behavior.

40.  During Plaintiff's freshman and sophomore year football seasons at Defendant's School, Student #7 would taunt and harass Plaintiff by calling him a "fag."  This occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.

41.  During Plaintiff's freshman and sophomore year wrestling seasons at Defendant's school, Student #8 would regularly taunt and harass Plaintiff at wrestling meets, wrestling practice, and outside of school by calling him a "fag," "queer," and "homo."  Student #8 would also send harassing emails to Plaintiff disparaging his perceived sexual orientation.

42.  Plaintiff subsequently reported Student #8's conduct to Defendant Gittens.  It is believed that Defendants took no disciplinary action against Student #8 for this behavior.

43.    During Plaintiff's freshman year at Defendant School, Student # 9 would repeatedly taunt and harass Plaintiff by calling him a "pussy" and a "fag" within the confines of the Perry High School building during passing times between classes, and/or during school-sponsored extra-curricular practices or activities, and/or during class, and/or lunchtime sessions.

44.     Plaintiff reported Student #9's conduct to Defendant School officials. It is believed that no disciplinary action was taken against Student #9 for this behavior.

45.     During Plaintiff's Freshman year at Defendant School, Student #10 would constantly taunt and harass Plaintiff by **threatening to physically harm Plaintiff** including threatening to "kick [Plaintiff's] ass" and would refer to Plaintiff as "faggot" within the confines of the Perry High School building, during passing times between classes, and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.

46.     Plaintiff reported Student #10's conduct to Mr. Gittens, and/or other officials of Defendant School. It is believed that no disciplinary action was taken against Student #10 for this behavior.

47.     During Plaintiff's freshman and sophomore football and wrestling seasons, Student #11 would regularly taunt and harass Plaintiff by calling him a "fag" and a "pussy." This occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.

48.     Plaintiff subsequently reported Student #11's conduct to Defendant Gittens and Mr. Deardorf, a teacher and wrestling coach at Defendant School. It is believed that Defendants took no disciplinary action against Student #11 for this behavior.

49.    During Plaintiff's sophomore and junior year, Student #12 would repeatedly taunt and harass Plaintiff by calling him a "pussy," "fag," and "homo." Student #12 would also send harassing emails to Plaintiff. This took place within the confines of the Perry High School building, and/or during school-sponsored extra-curricular practices or activities, and/or during passing times between classes and/or during class and/or lunchtime sessions.

50.    Plaintiff subsequently reported Student #12's conduct to Defendant Gittens. It is believed that Defendants took no disciplinary action against Student #12 for this behavior.

51.    During Plaintiff's freshman, sophomore, and junior years at Defendant's school, Student #13 would regularly taunt and harass Plaintiff by referring to him as a "fag," and "loser" and would also **threaten to inflict physical harm on Plaintiff** including threatening to "kick [Plaintiff's] ass."

52.    Plaintiff subsequently reported Student #13's threats to Defendant Gittens. It is believed that Defendants took no disciplinary action against Student #13 for this behavior.

53.    During Plaintiff's freshman year at Defendant's school, Student #14 would regularly taunt and harass Plaintiff by calling him "fag," "queer," and "pussy." This occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.

16

54.    Plaintiff subsequently reported Student #14's harassment to Defendant Gittens. It is believed that Defendants took no disciplinary action against Student #14 for this behavior.

55.    During Plaintiff's freshman, sophomore, and junior years during football seasons at Defendant's school, Student #15 would regularly taunt and harass Plaintiff by referring to him as a "fag." This occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.

56.    During Plaintiff's freshman, sophomore, and junior year at Defendant's school, Student #16 would regularly taunt and harass Plaintiff by referring to him as a "fag," and "pussy." This occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.

57.    During Plaintiff's freshman, sophomore, and junior year at Defendant's school, Student #17 would regularly taunt and harass Plaintiff by calling him a "fag" and would say that Plaintiff "likes to do guys," and would refer to Plaintiff as a "pussy." This occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions. It is believed that some of Student #17's conduct was witnessed by Perry High School teacher Teresa Ozbun.

58.     Plaintiff subsequently reported Student #17's conduct to Defendant Marburger and Defendant Gittens.   It is believed that Defendants took no disciplinary action against Student #17 for this behavior.

59.     During Plaintiff's sophomore and junior year at Defendant's school, Student #18 would regularly taunt and harass Plaintiff by referring to him as a "fag" and a "pussy."  This occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.

60.     During Plaintiff's sophomore and junior year at Defendant's school, Student #19 would regularly taunt and harass Plaintiff by referring to him as a "pussy" and a "fag."  This occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.

61.     Plaintiff subsequently reported Student #19's conduct to officials at Defendant's School.  It is believed that this report was made to Defendant Gittens.  It is further believed that Defendants took no disciplinary action against Student #19 for this behavior.

62.     During Plaintiff's junior and senior years at Defendant's school, Student #20 would regularly taunt and harass Plaintiff by calling him a "fag," "little fucking baby," a "pussy," and a "narc."  This conduct not only was targeted directly at Plaintiff, but also at Plaintiff through Plaintiff's younger sister.  This

occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.

63.     Plaintiff subsequently reported Student #20's conduct to Defendant Gittens, Defendant Marburger, and Defendant Jans.   It is believed that Defendants took no disciplinary action against Student #20 for this behavior.

64.     During Plaintiff's sophomore and junior year at Defendant's school, Student #21 would intimidate Plaintiff by getting in his face and calling him a "fucking pussy" and "faggot."   Student #22 **also threatened Plaintiff with physical harm**.   This conduct occurred in front of the shop class room at Defendant's school.

65.     Plaintiff subsequently reported Student #22's conduct to a teacher, Mr. Steva, and Defendant Marburger.   It is believed that Defendants took no disciplinary action against Student #22 for this behavior.

66.     During Plaintiff's tenure at Defendant's school, Student #23 harassed and intimidated the Plaintiff by calling Plaintiff a "faggot," "pussy," and **threatened Plaintiff with physical harm**.   This occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.

67.     This hate-based harassment occurred several times throughout Plaintiff's tenure at Defendant's school and was reported to Defendant Gittens.   It

is believed that Defendants took no disciplinary action against Student #23 for this behavior.

68.    During Plaintiff's freshman and sophomore year at Defendant's school, Student #24 would refer to Plaintiff as a "pussy," "fag," and "piece of shit." This harassment occurred during Plaintiff's freshman and sophomore year of football and during school-sponsored extra-curricular practices or activities.

69.    During Plaintiff's junior year at Defendant's school, **during shop class**, Student #25 would harass Plaintiff by calling him a "faggot," "piece of shit" and "loser." This harassment occurred many times throughout Plaintiff's junior year and was reported to Mr. Steva, the shop class teacher.

70.    During Plaintiff's freshman year at Defendant's school, Student #26 confronted Plaintiff and harassed him by calling him a "fag" and **threatened physical harm against Plaintiff**, including saying he was going to "kick [Plaintiff's] ass after school." Student #26 followed up on his threat to Plaintiff and met Plaintiff at his car in the high school parking lot and **aggressively and physically assaulted Plaintiff**. It is believed that a Perry School teacher, Mrs. Prutzman, observed this assault.

71.    The incident with Student #26 was reported to Defendant Marburger. It is believed that Defendants took no disciplinary action and/or meaningful and effective disciplinary action against Student #26 for this behavior.

72.    Plaintiff would often be harassed **during class**. While sitting in Ms. Ozbun's room during class Student #27 would disrupt the classroom by harassing Plaintiff by calling him a "faggot pussy" and threatened harm against

Plaintiff including saying he was going to "kick [Plaintiff's] ass." This harassment and intimidation occurred many times while Plaintiff attended Defendant's school.

73.     During Plaintiff's junior and senior year at Defendant's school, Student #28 would harass Plaintiff by calling him a "fag," "homo," and "pussy." He would also **physically push** Plaintiff around during school hours.   This occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.  Also, in December of 2003, while at a school sanctioned wrestling meet, Student #28 broke into Plaintiff's gym bag, unclipped his cellular telephone from his belt, and typed the phrase "Huge Homo" on the greeting screen.  Plaintiff reported this incident to Defendant Gittens and Mr. Waggie.  Student #28 was originally given three days in-school suspension and was told he would miss two wrestling meets.  However, apparently after pressure from Student #28's parents, Defendant school amended its disciplinary action to a reduced two hours of suspension and one missed wrestling meet.  At the wrestling meet that Student #28 was supposed to sit out, Student #28 continued to verbally berate and belittle the Plaintiff by calling him a "narc."  In spite of the so-called "discipline," Student #28 was allowed to ride on the same bus with Plaintiff to the meet from which he was supposed to be suspended.   Student #28 engaged in a "whisper campaign" against Plaintiff during this time.  At the wrestling meet, on the of wrestling parents then harassed Plaintiff about complaining against his fellow wrestler and further harassed Plaintiff about his sexual orientation.

74. During Plaintiff's tenure at Defendant's school, Student #29 would regularly taunt and harass Plaintiff by calling him a "fag" and "queer." This occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.

75. During Plaintiff's sophomore football season, Student #30 would taunt and harass Plaintiff by frequently calling him a "pussy" in the company of the football team.

76. During Plaintiff's tenure at Defendant's school, Student #31 would regularly taunt and harass Plaintiff in shop class by calling him a "little bitch," "pussy," "fag," and "queer."

77. During Plaintiff's junior year at Defendant's school, Student #32 would regularly taunt and harass Plaintiff by calling him a "fag" in the hallways during school hours.

78. During Plaintiff's sophomore football season at Defendant's school, Student #33 would taunt and harass Plaintiff by referring to him as a "little faggot." This occurred within the confines of the Perry High School building during passing times between classes and/or during school-sponsored extra-curricular practices or activities, and/or during class and/or lunchtime sessions.

79. During Plaintiff's freshman year and while attending a basketball game, Student #34 harassed Plaintiff by referring to him as a "punk" and threatened to cause **physical harm** to Plaintiff, including threats to "kick [Plaintiff's] ass."

80.    During Plaintiff's senior year at Defendant's school, Student #35 would regularly harass Plaintiff by calling him a "fag" in the hallways during school hours.

81.    During Plaintiff's freshman, sophomore, and junior football seasons and **during shop class**, Student #36 would harass Plaintiff by calling him a "little fag," "pussy," and a "little bitch." This harassment was reported to the football coaching staff as well as Defendant Gittens. It is believed that Defendants took no disciplinary action against Student #36 for this behavior.

82.    During Plaintiff's freshman and sophomore wrestling seasons, Student #37 would regularly harass Plaintiff by referring to him as a "fag," and "queer."

83.    During Plaintiff's spring 2003 trimester, Student #38 would harass Plaintiff by calling him a "fag" in the hallways during school hours.

84.    During Plaintiff's junior year, there was an occasion where he was being taunted by a student. When Plaintiff stepped away briefly to the restroom, a fellow student spitted upon his unsupervised school books. Plaintiff immediately proceeded to the Principal's office where he reported the conduct to Defendant Gittens. Defendant Gittens acted as if the incident was unimportant, and told Plaintiff that it was "no big deal." Defendant Gittens learned who the student was who had done it, but apparently no action was taken.

85.    In the spring of Plaintiff's junior year, Plaintiff returned to a particular classroom after having a meeting with an administrator about a formal complaint he had lodged because of the continuing hate-based harassment described

herein. After returning from this session where he was lodging complaints about this harassment, a verbal encounter with a teacher ensued. During the verbal exchange, **the teacher criticized Plaintiff for speaking up and speaking out. This teacher told Plaintiff that he had "...the biggest mouth in the south."** Plaintiff immediately left the room, and signed out to the office to speak to his father. Upon returning to the classroom, the teacher publicly proclaimed in a critical and sarcastic manner that "[John Doe's] daddy will be up here in a little bit to complain." Both Plaintiff and his father reported the improper behavior by the teacher to Defendant Gittens. It is believed that no action was taken against the teacher.

86.    The taunting and harassing of Plaintiff, because of his perceived sexual orientation, continued in various forms, **including within the classroom setting itself**. For example, during an educational project where Plaintiff was completing his work for photography, including developing photos, various students stole or hid his project items, (including photographs) in order to hinder Plaintiff. Officials at Defendant's school were aware of this conduct.

87.    Throughout his tenure at Perry High School, Plaintiff has been a member of various athletic teams. As such, cheerleaders at the high school would make locker posters for each game or meet for all the players. Plaintiff's locker posters, however, were **repeatedly defaced** with the words, "fag," "homo," "queer," and other similar hate-based epithets. These instances were reported to coaches and administrators for Defendant's school.

88.    During Plaintiff's sophomore year at Perry High School, he was a member of the junior varsity football team.  On at least one occasion during the course of this extracurricular activity, on the premises of Perry High School, Plaintiff was violently confronted by Student #39, who was Captain of the Varsity football team.  The football captain got in Plaintiff's face, **assaulted him, and pushed him**.  During this hate-based assault, the Varsity Football Captain called Plaintiff a "fag."  Plaintiff reported this hate-based discrimination and assault to the football coach.  The student who was the Varsity Football Captain continued to taunt and harass Plaintiff throughout his sophomore football season and sophomore wrestling season at Perry High School.  He repeatedly called him a "fag" and a "pussy."  In addition to reporting this conduct to the football coach, Plaintiff also reported this conduct to Defendant Gittens.

89.    Defendant Marburger and/or Defendant Gittens, and/or other agents speaking on behalf of Defendant School would often reply to Plaintiff's complaints of hate-based harassment by telling him to "get tougher skin," or "get used to it," or "grow up," or "what are you doing?" and statements of the like.

90.    As a result of the incessant harassing by Perry High School students and the lack of any effective discipline on the part of school administrators and any effective measures to protect him, Plaintiff petitioned the school board requesting an early graduation to escape the continuing hate-based harassment, intimidation, and assaultive behavior.  Plaintiff's letter to the school board referenced suicidal tendencies that have been dispelled by the help of his

parents and medical professionals.  Defendant Marburger responded to the letter by saying "I've gotten worse letters and it didn't hurt my feelings."

## COUNT I
### VIOLATION OF 42 U.S.C. SECTION 1983
### DENIAL OF EQUAL PROTECTION
### UNDER THE FOURTEENTH AMENDMENT
### BASED ON PERCEIVED SEXUAL ORIENTATION

91.     Plaintiff repleads paragraphs one (1) through paragraphs ninety (90) as if fully set forth herein.

92.     Plaintiff pleads the instant cause of action against Defendant McCaulley, Defendant Marburger, Defendant Gittens, and Defendant Jans, in their official and individual capacities.

93.     Said Defendants all are persons for the purposes of a Section 1983 action for damages.

94.     Plaintiff's constitutional rights were violated to wit: Plaintiff was denied Equal Protection under the Fourteenth Amendment to the United States Constitution because of Plaintiff's perceived sexual orientation.

95     Plaintiff has lodged numerous complaints to several different administrators at Perry High School.  Plaintiff has notified them of the ongoing hate-based harassment arising out of Plaintiff's perceived sexual orientation that he has been forced to endure.  Defendants McCaulley Marburger, Gittens, and Jans have continually failed to effectively protect Plaintiff from the harm complained of herein.

96.     Defendants McCaulley, Marburger, Gittens, and Jans have had actual knowledge of Plaintiff's hate-based harassment problem since its inception his freshman year at Perry High School and have continually failed to adequately and effectively receive, investigate, and/or act upon Plaintiff's complaints.

97.     The harassment, intimidation, and assaultive behavior that Plaintiff has sustained over the course of his tenure at Perry High School demonstrates a continuing, widespread, persistent pattern of misconduct on the part of Defendants McCaulley, Marburger, Gittens, and Jans.

98.     Defendants McCaulley, Marburger, Gittens, and Jans have demonstrated a deliberate indifference or tacit authorization of the conduct complained of herein by failing to properly protect Plaintiff.

99.     The unreasonable conduct toward Plaintiff was made under color of authority of Defendants acting as school administrators for the Perry Community School District.

100.    As a direct and proximate result of the individual Defendants illegal and unconstitutional conduct, the Plaintiff has in the past and will in the future suffer and incur the following damages:

a.      Deprivation of his constitutional rights;

b.      Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.      Consequential damages and other damages as allowed by law.

101.    The actions of the individual Defendants were willful, wanton, unlawful, and in gross disregard of the federally protected rights of the Plaintiff, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff John Doe prays for Judgment against Defendants as follows:

a.    Compensatory damages against the individual Defendants in an amount as yet to be determined;

b.    Punitive damages against the individual Defendants in an amount sufficient to punish Defendants and deter them and others from similar conduct in the future.

c.    Plaintiff's costs in this action, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and,

d.    Such other relief as the Court deems equitable.

**COUNT II**
**VIOLATION OF 42 U.S.C. SECTION 1983**
**DENIAL OF EQUAL PROTECTION**
**UNDER THE FOURTEENTH AMENDMENT**
**BASED ON SEX**

102.    Plaintiff repleads paragraphs one (1) through paragraphs one hundred one (101) as if fully set forth herein.

103.    Plaintiff pleads the instant cause of action against Defendant McCaulley, Defendant Marburger, Defendant Gittens, and Defendant Jans, in their official and individual capacities.

104.   Said Defendants all are persons for the purposes of a Section 1983 action for damages.

105.   During Plaintiff's tenure at Perry High school, Plaintiff's constitutional rights were violated to wit: Plaintiff was denied Equal Protection under the Fourteenth Amendment to the United States Constitution because of Plaintiff's sex. Other similarly situated females who have been subjected to less severe or similar behavior by fellow students have received the protection of or intervention by the Defendants, whereas the Plaintiff has been deprived from such effective protection and/or intervention.

106.   Defendants McCaulley, Marburger, Gittens, and Jans have had actual knowledge of Plaintiff's hate-based harassment problem since its inception his freshman year at Perry High School and have continually failed to adequately and effectively receive, investigate, and/or act upon Plaintiff's complaints. In similar complaints lodged by female students, Defendants have adequately and effectively received and investigated and/or acted upon these complaints.

107.   The harassment, intimidation, and assaultive behavior that Plaintiff has sustained over the course of his tenure at Perry High School, as well as the Defendants' failure to adequately and effectively investigate and/or act upon these incidents and complaints, demonstrate a continuing, widespread, persistent pattern of misconduct on the part of Defendants McCaulley, Marburger, Gittens, and Jans.

108.   Defendants McCaulley, Marburger, Gittens, and Jans have demonstrated a deliberate indifference or tacit authorization of the conduct

complained of herein by failing to properly protect Plaintiff while at the same time adequately protecting similarly situated female students.

109.   The unreasonable conduct toward Plaintiff was made under color of authority of Defendants acting as school administrators for the Perry Community School District.

110.   As a direct and proximate result of the individual Defendants illegal and unconstitutional conduct, the Plaintiff has in the past and will in the future suffer and incur the following damages:

a.   Deprivation of his constitutional rights;

b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.   Consequential damages and other damages as allowed by law.

111.   The actions of the individual Defendants were willful, wanton, unlawful, and in gross disregard for the federally protected rights of the Plaintiff, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff John Doe prays for Judgment against Defendants as follows:

a.   Compensatory damages against the individual Defendants in an amount as yet to be determined;

b.   Punitive damages against the individual Defendants in an amount sufficient to punish Defendants and deter them and others from similar conduct in the future.

    c.      Plaintiff's costs in this action, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and,

    d.      Such other relief as the Court deems equitable.

## COUNT III
## VIOLATION OF 42 U.S.C. SECTION 1983
## VIOLATION OF CIVIL RIGHTS
## (DISPARATE DISCIPLINE)

112.   Plaintiff repleads paragraphs one (1) through paragraphs one hundred eleven (111) as if fully set forth herein.

113.   Plaintiff pleads the instant cause of action against Defendant McCaulley, Defendant Marburger, Defendant Gittens, and Defendant Jans in their official and individual capacities.

114.   Said Defendants all are persons for the purposes of a Section 1983 action for damages.

115.   During Plaintiff's tenure at Perry High school, Plaintiff's constitutional rights were violated to wit: Plaintiff's complaints lodged against his fellow students for hate-based harassment based on his perceived sexual orientation and/or his sex were handled differently and less adequately than complaints lodged by female complainants, and/or differently and less adequately than complaints lodged by students who were not perceived as homosexual.

116.   On or about May 8, 2003, Plaintiff's constitutional rights were violated to wit: Defendants McCaulley, Marburger, Gittens, and/or Jans punished Plaintiff in a manner that was inconsistent with the level of culpable conduct

31

demonstrated in an assault against Plaintiff that was instigated by another fellow student, Student #1.

117.   Defendants McCaulley, Marburger, Gittens, and Jans have demonstrated a deliberate indifference or tacit authorization of the conduct complained of herein by failing to properly protect Plaintiff, while at the same time properly protecting similarly situated female students and/or similarly situated male students who were not perceived as homosexual.

118.   The unreasonable conduct toward Plaintiff was made under color of authority of Defendants acting as school administrators for the Perry Community School District

119.   As a direct and proximate result of the individual Defendants illegal and unconstitutional conduct, the Plaintiff has in the past and will in the future suffer and incur the following damages:

    a.   Deprivation of his constitutional rights;

    b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.   Consequential damages and other damages as allowed by law.

120.   The actions of the individual Defendants were willful, wanton, unlawful, and in gross disregard for the federally protected rights of the Plaintiff, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff John Doe prays for Judgment against Defendants as follows:

a.   Compensatory damages against the individual Defendants in an amount as yet to be determined;

b.   Punitive damages against the individual Defendants in an amount sufficient to punish Defendants and deter them and others from similar conduct in the future.

c.   Plaintiff's costs in this action, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and,

d.   Such other relief as the Court deems equitable.

**COUNT IV**
**VIOLATION OF 42 U.S.C. SECTION 1983**
**DENIAL OF SUBSTANTIVE DUE PROCESS**
**UNDER THE FOURTEENTH AMENDMENT**

121.   Plaintiff repleads paragraphs one (1) through paragraphs one hundred twenty (120) as if fully set forth herein.

122.   Plaintiff pleads the instant cause of action against Defendant McCaulley, Defendant Marburger, Defendant Gittens, and Defendant Jans in their official and individual capacities.

123.   Said Defendants all are persons for the purposes of a Section 1983 action for damages.

124.   During Plaintiff's tenure at Perry High school, Plaintiff's constitutional rights were violated to wit: Plaintiff was denied Due Process under the Fourteenth Amendment to the United States Constitution.

125.   Not only did Defendant McCaulley, Defendant Marburger, Defendant Gittens, and Defendant Jans fail to take any effective remedial action

towards protecting Plaintiff from harassment and intimidation from other Perry High School students, Defendants also discouraged and stifled Plaintiff from lodging complaints about the sexual comments and fostered an environment that encouraged this misconduct when Defendants continually instructed, either through their explicit words or actions, Plaintiff to "get tougher skin" and "get used to it." Defendants further discouraged Plaintiff from lodging complaints by unfairly imposing drastic punishment against Plaintiff in response to Plaintiff's speaking up and out against hate-based harassment against him.

126. The unreasonable conduct toward Plaintiff was made under the color of authority of Defendants acting as school administrators for the Perry Community School District.

127. As a direct and proximate result of the individual Defendants' illegal and unconstitutional conduct, the Plaintiff has in the past and will in the future suffer and incur the following damages:

a. Deprivation of his constitutional rights;

b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c. Consequential damages and other damages as allowed by law.

128. The actions of the individual Defendants were willful, wanton, unlawful, and in gross disregard for the federally protected rights of the Plaintiff, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff John Doe prays for Judgment against Defendants as follows:

34

a.  Compensatory damages against the individual Defendants in an amount as yet to be determined;

b.  Punitive damages against the individual Defendants in an amount sufficient to punish Defendants and deter them and others from similar conduct in the future.

c.  Plaintiff's costs in this action, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and,

d.  Such other relief as the Court deems equitable.

## CLAIM V
## VIOLATION OF 42 U.S.C. SECTION 1983
## INFRINGEMENT OF FIRST AMENDMENT
## FREEDOM OF SPEECH

129.  Plaintiff repleads paragraphs one (1) through paragraphs one hundred twenty-eight (128) as if fully set forth herein.

130.  Plaintiff pleads the instant cause of action against Defendant McCaulley, Defendant Marburger, Defendant Gittens, and Defendant Jans, in their official and individual capacities.

131.  Said Defendants all are persons for the purposes of a Section 1983 action for damages.

132.  During Plaintiff's tenure at Perry High school, Plaintiff's constitutional rights were violated to wit: On or about May 8, 2003, Defendant McCaulley, Defendant Marburger, Defendant Gittens, and/or Defendant Jans

infringed on Plaintiff's First Amendment right to freedom of speech by punishing him solely for an open conversation with Student #1.

133.   In May of 2003, after having been repeatedly subjected to hate-based discrimination, harassments, and threats, Plaintiff approached the School Resource Officer, Defendant Jans, for assistance in helping to protect him, and in helping to end this unfortunate conduct.  Defendant Jans directed Plaintiff to exercise his expressive liberties by speaking up and out against the student who was directing hate-based epithets and threats against him.  When Plaintiff did so, he was immediately punished by Defendant school, through the individual Defendant administrators, and ordered to serve a severe and rarely imposed three day out-of-school suspension.  His rights were violated by Defendant Jans when Defendant Jans arrested him for "disorderly conduct" solely for exercising his expressive liberties.

134.   The Defendant school, through the individual Defendant administrators, offered as a pre-textual reason the asserted excuse that they were punishing Plaintiff for "disorderly behavior" within the confines of the school building.  Plaintiff asserts however, that this was not the real reason and was merely a pretext.  Plaintiff asserts that Defendant school responded by punishing him with out-of-school suspension in order to stifle Plaintiff's unpopular and untraditional speech, which was simply his exercise of his right to expressive liberties.

135.   Defendant Jans offered as a pretextual reason that he was arresting Plaintiff for violating an ordinance or statute against "disorderly

36

conduct." Plaintiff also asserts this was a pretext in order to stile Plaintiff's unpopular, untraditional expressive speech.

136.  Plaintiff asserts the adverse action taken against him by Defendant school in May of 2003 was designed to have a chilling effect on Plaintiff to prevent him from speaking out against hate-based discrimination and harassment at Perry High School.

137.  The unreasonable conduct toward Plaintiff was made under color of authority of Defendants acting as school administrators for the Defendant Perry Community School District

138.  As a direct and proximate result of the individual Defendants illegal and unconstitutional conduct, the Plaintiff has in the past and will in the future suffer and incur the following damages:

a.  Deprivation of his constitutional rights;

b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.  Consequential damages and other damages as allowed by law.

139.  The actions of the individual Defendants were willful, wanton, unlawful, and in gross disregard for the federally protected rights of the Plaintiff, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff John Doe prays for Judgment against Defendants as follows:

e.  Compensatory damages against the individual Defendants in an amount as yet to be determined;

f.      Punitive damages against the individual Defendants in an amount sufficient to punish Defendants and deter them and others from similar conduct in the future.

g.      Plaintiff's costs in this action, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and,

h.      Such other relief as the Court deems equitable.

## COUNT VI
## VIOLATION OF 42 U.S.C. SECTION 1985
## CONSPIRACY

140.    Plaintiff repleads paragraphs one (1) through paragraphs one hundred forty (140) as if fully set forth herein.

141.    Plaintiff pleads the instant cause of action against Defendant McCaulley, Defendant Marburger, Defendant Gittens, and Defendant Jans, in their official and individual capacities.

142.    Defendants McCaulley, Marburger, Gittens, and/or Jans engaged in a civil conspiracy against Plaintiff John Doe whereby Defendants conspired to involve Plaintiff in criminal charges arising out of the incident at Defendants' school on or about May 8, 2003, wherein Plaintiff clearly demonstrated no culpable criminal conduct, and was clearly and simply exercising his expressive liberties by speaking up and out against hate-based harassment against him.

143.    The intent of the conspiracy was to deprive Plaintiff, either directly or indirectly, of his civil rights.

144.   Defendant Jans arrested Plaintiff after articulating specific and direct advice on how to handle the situation with his classmate.  Defendant Jans' conduct constitutes an act in furtherance of the object of the conspiracy.

145.   Defendant McCaulley, Defendant Marburger and/or Defendant Gittens, acting as chief administrators for Perry High School, were presumably notified of the May 8, 2003 incident and were instrumental in the decision to originate criminal charges against Plaintiff for his non-violent speech in the halls of Defendant's School.

146.   Plaintiff suffered damages as a result of the aforementioned conspiracy.  Plaintiff was arrested for and charged with Interference with Official Acts by the same Resource Officer who advised him on how to handle the situation.  Plaintiff was forced to hire an attorney and contest the charges brought against him.  Plaintiff was further suspended from school for three (3) days as a result of this confrontation with this Perry High School Student, while the second student involved merely received a punishment that failed to meet the circumstances of the incident.

147.   As a direct and proximate result of the individual Defendants' illegal and unconstitutional conduct, the Plaintiff has in the past and will in the future suffer and incur the following damages:

a.   Deprivation of his constitutional rights;

b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.   Consequential damages and other damages as allowed by law.

148. The actions of the individual Defendants were willful, wanton, unlawful, and in gross disregard for the federally protected rights of the Plaintiff, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff John Doe prays for Judgment against Defendants as follows:

    a.    Compensatory damages against the individual Defendants in an amount as yet to be determined;

    b.    Punitive damages against the individual Defendants in an amount sufficient to punish Defendants and deter them and others from similar conduct in the future.

    c.    Plaintiff's costs in this action, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and,

    d.    Such other relief as the Court deems equitable.

**COUNT VII**
**VIOLATION OF 42 U.S.C. SECTION 1986**
**NEGLECT TO PREVENT**

149. Plaintiff repleads paragraphs one (1) through paragraphs one hundred forty-eight (148) as if fully set forth herein.

150. Plaintiff pleads the instant cause of action against Defendant McCaulley, Defendant Marburger, Defendant Gittens, and Defendant Jans in their official and individual capacities.

151. The aforementioned Defendants all possessed actual knowledge that criminal charges were going to be brought against Plaintiff for following the

advice of Defendant Jans by peacefully and/or non-violently confronting Student #1 about the hate based harassment that has been continually targeted at Plaintiff.

152.    Defendants McCaulley, Marburger, Gittens, and Jans all possessed the power and authority, as vested in them in their positions at Defendant School, to prevent or aid in preventing the bringing of criminal charges against Plaintiff for following the advice of Defendant Jans and non-violently speaking up and out against the hate based harassment Plaintiff endured from Student #1.

153.    Defendants McCaulley, Marburger, Gittens, and Jans neglected or refused to intervene, as proscribed by the positions that they hold at Defendant School, and guard Plaintiff's federally protected rights to equal protection under the law, to substantive due process, and/or to freedom of speech, thereby furthering the conspiracy set forth in Count VI herein.

154.    Reasonable diligence on the part of Defendants McCaulley, Marburger, Gittens, and/or Jans could have prevented the harm complained of herein.

155.    As a direct and proximate result of the individual Defendants' illegal and unconstitutional conduct, the Plaintiff has in the past and will in the future suffer and incur the following damages:

a.      Deprivation of his constitutional rights;

b.      Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.      Consequential damages and other damages as allowed by law.

156.   The actions of the individual Defendants were willful, wanton, unlawful, and in gross disregard for the federally protected rights of the Plaintiff, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff John Doe prays for Judgment against Defendants as follows:

a.   Compensatory damages against the individual Defendants in an amount as yet to be determined;

b.   Punitive damages against the individual Defendants in an amount sufficient to punish Defendants and deter them and others from similar conduct in the future.

c.   Plaintiff's costs in this action, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and,

d.   Such other relief as the Court deems equitable.

**COUNT VIII**
**VIOLATION OF 20 U.S.C. SECTIONS 1681-1688**
**(TITLE IX)**
**EDUCATION DISCRIMINATION, HARASSMENT,**
**AND RETALIATION**

157.   Plaintiff repleads paragraphs one (1) through one hundred fifty-six (156) as if fully set forth herein.

158.   At all times material hereto, Perry Community School District's educational programs and activities received federal financial assistance.

159. Plaintiff John Doe was denied benefits of and subjected to discrimination and harassment in Defendant School's educational programs and activities.

160. Plaintiff John Doe's denial of benefits and subjection to discrimination and harassment were based on his sex.

161. Defendant McCaulley, Defendant Marburger, Defendant Gittens, and/or Defendant Jans also possessed actual and/or circumstantial knowledge that, over an approximate four (4) year period, Plaintiff was continually harassed, intimidated, assaulted, and bullied by numerous students of Perry High School because of Plaintiff's sex and/or perceived sexual orientation.

162. Notwithstanding Plaintiff's constant pleas for administrative assistance and effective intervention, Defendants failed to respond adequately to the aforementioned students' behavior, such that Defendants were deliberately indifferent to the discrimination, harassment, assaultive behavior, and intimidation.

163. The harassment complained of herein occurred within Defendant's control.

164. Defendants would routinely inform Plaintiff to "get tougher skin," or "get used to it," rather than effectively remedy the harassment and intimidation problem. Defendants' response to Plaintiff's pleas for relief from the incessant student to student harassment was clearly and objectively unreasonable in light of the known circumstances.

165. As a proximate result of Defendants' acts and/or omissions, Plaintiff has in the past and in the future will suffer damages including, but not limited to physical injuries, mental and emotional distress, fear, anguish, humiliation, embarrassment, lost enjoyment of life, medical, therapeutic, and other expenses.

166. Defendants' actions and/or omissions to act were done with malice and with reckless indifference to Plaintiff's federally protected rights.

**WHEREFORE,** the Plaintiff demands judgment against Defendant School in an amount which will fully and fairly compensate him for his injuries and damages, for interest as allowed by law, for attorney's fees, for the cost of this action, and for such other relief this Court deems appropriate and consistent with the purpose of Title IX.

## COUNT IX
## VIOLATION OF 42 U.S.C. SECTION 1983
## (VIOLATION OF CIVIL RIGHTS)

167. Plaintiff repleads paragraphs one (1) through paragraphs one hundred sixty-six (166) as if fully set forth herein.

168. Plaintiff pleads the instant cause of action against Defendant McCaulley, Defendant Marburger, Defendant Gittens, and Defendant Jans, in their official and individual capacities.

169. Said Defendants all are persons for the purposes of a Section 1983 action for damages.

170. Plaintiff was denied protection pursuant to 28 U.S.C. Sections 1681-1688 (Title IX) and may seek further relief via 42 U.S.C. Section 1983.

171. The United States Supreme Court has previously adjudicated Title IX protection to be a "clearly enforceable right" which is necessary and sufficient to invoke a cause of action under 42 U.S.C. Section 1983. See Cannon v. University of Chicago, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979).

172. Title IX contains no language that precludes Plaintiff from seeking relief under 42 U.S.C. Section 1983 for a violation of the tenants of Title IX. See Oona R.-S. By Kate S. v. Santa Rosa City, 890 F.Supp. 1452 (N.D. Cal 1995).

173. The unreasonable conduct toward Plaintiff was made under color of authority of Defendants acting as school administrators for the Perry Community School District.

174. As a direct and proximate result of the individual Defendants illegal and unconstitutional conduct, the Plaintiff has in the past and will in the future suffer and incur the following damages:

    a. Deprivation of his constitutional rights;

    b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c. Consequential damages and other damages as allowed by law.

175. The actions of the individual Defendants were willful, wanton, unlawful, and in gross disregard for the federally protected rights of the Plaintiff, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff John Doe prays for Judgment against Defendants as follows:

a.   Compensatory damages against the individual Defendants in an amount as yet to be determined;

b.   Punitive damages against the individual Defendants in an amount sufficient to punish Defendants and deter them and others from similar conduct in the future.

c.   Plaintiff's costs in this action, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and,

d.   Such other relief as the Court deems equitable.


**COUNT X**
**VIOLATION OF 42 U.S.C. SECTION 1983**
**UNREASONABLE SEIZURE OF PERSON IN VIOLATION OF FOURTH**
**AMENDMENT TO THE UNITED STATES CONSTITUTION**

176.   Plaintiff repleads paragraphs one (1) through one hundred seventy-five (175) as if fully set forth herein.

177.   Plaintiff pleads the instant cause of action against Defendant Jans, in his official and individual capacities.

178.   At all times material to this Complaint, Defendant acted under the color of state law.

179.   Defendant Jans is a person for the purposes of a 42 U.S.C. Section 1983 action for damages.

180.   On or about February 3rd, 2003, Plaintiff's constitutional rights were violated to wit:   Plaintiff was arrested and charged with "Disorderly Conduct" without the requisite existence of probable cause to effectuate such an arrest.

181.   Said arrest and charge were a violation of Plaintiff's Fourth Amendment rights to be free from unreasonable seizures and his Fourteenth Amendment Right to due process.

182.   The unreasonable conduct toward Plaintiff was made under the color of authority of Defendant acting as police officers for the City of Perry, Iowa.

183.   As a direct and proximate result of Defendant's illegal conduct, Plaintiff has, in the past and will in the future, suffer and incur the following damages:

    a.   Deprivation of his constitutional rights;

    b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.   Consequential damages and other damages as allowed by law.

184.   The actions of Defendant was willful, wanton, unlawful, and in gross disregard for the federally protected rights of the Plaintiff, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff John Doe prays for Judgment against Defendant Jans as follows:

    a.   Compensatory damages against Defendants in an amount as yet to be determined;

b.    Punitive damages against Defendant Jans in an amount sufficient to punish Defendants and deter them and others from similar conduct in the future.

c.    Plaintiff's cost in this action, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and,

d.    Such other relief as the Court deems just and equitable.

## COUNT XI
## FAILURE TO SUPERVISE

185.   Plaintiff repleads paragraphs one (1) through one hundred eighty-four (184) as if fully set forth herein.

186.   Defendants were aware of continuing harassment that Plaintiff endured from several students.

187.   Defendants possessed knowledge that several Perry High School students were certain or substantially certain to harm Plaintiff.

188.   Defendants disregarded this known risk and failed to take any affirmative action and/or effectively enforce any policies to protect Plaintiff.

189.   Defendants' inaction caused Plaintiff to suffer damages.

190.   The harm Plaintiff suffered occurred on premises owned and/or controlled by Defendants.

**WHEREFORE,** Plaintiff John Doe respectfully requests judgment against all Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT XII
## NEGILGENCE

191.   Plaintiff repleads paragraphs one (1) through one hundred ninety (190) as if fully set forth herein.

192.   Defendants owe a duty to Plaintiff to act with reasonable care for his emotional, psychological, and physical well-being and safety.

193.   Defendants breached said duty by failing to properly and adequately protect Plaintiff from known and continual harassment, intimidation, and assaults from the aforementioned Perry High School students.

194.   As a proximate cause of Defendants' acts and/or omissions delineated *supra*, Plaintiff has in the past and will in the future suffer legally cognizable damages.

195.   Plaintiff suffered damages as a result of Defendants' negligent conduct.

**WHEREFORE,** the Plaintiff John Doe respectfully requests judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT XIII
## FALSE ARREST/FALSE IMPRISONMENT

196.   Plaintiff repleads paragraphs one (1) through one hundred ninety-five (195) as if fully set forth herein.

197.   On or about May 8, 2003, Defendant Jans unlawfully arrested and detained Plaintiff as a result of an incident that turned violent between Plaintiff and Student #1, which was a direct result of Plaintiff following the advice and counsel of Defendant Jans for handling the constant hate-based harassment Plaintiff was enduring from Student #1.

198.   Plaintiff was arrested and detained against his will.

199.   The action of Defendant Jans caused Plaintiff's freedom to be restricted.

200.   Defendant Jans lacked reasonable grounds or probable cause on which to arrest and/or detain Plaintiff and consequently the arrest and/or detention was unlawful.

201.   Defendant Jans did not act in good faith in detaining Plaintiff.

202.   Defendant City, through the conduct of its Officers, as described above, falsely arrested the Plaintiff.

203.   As a proximate result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer legally cognizable injuries and damages.

204.   The actions of Defendant Jans against Plaintiff were willful, wanton, unlawful, and in gross disregard for the protected rights of the Plaintiff, justifying an award of punitive damages.

**WHEREFORE,** the Plaintiff John Doe respectfully requests judgment against Defendant Jans and Defendant City in an amount which will fully and fairly compensate him for his injuries and damages, for attorney fees, interest

and costs as allowed by law, for punitive damages against the individual Defendant Jans and such other relief as may be just under the circumstances.

## COUNT XIV
## ABUSE OF PROCESS

205.   Plaintiff repleads paragraphs one (1) through two hundred four (204) as if fully set forth herein.

206.   A legal process was involved in this matter.   Defendant Jans utilized a legal process to effectuate an arrest of Plaintiff on or about May 8, 2003.

207.   Defendant Jans unlawfully utilized the legal process to stifle Plaintiff's protected expressive speech to speak out against hate-based harassment.

208.   Defendant City, through the conduct of its Officers, as described above, is also liable to Plaintiff Shade for abuse of process.

209.   As a proximate result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer legally cognizable injuries and damages.

210.   The actions of Defendant Jans against Plaintiff were willful, wanton, unlawful, and in gross disregard for the protected rights of the Plaintiff, justifying an award of punitive damages against Defendant Jans.

**WHEREFORE,** the Plaintiff John Doe respectfully requests judgment against all Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for attorney fees, interest and costs as allowed by law,

for punitive damages against the individual Defendant Jans, and such other relief as may be just under the circumstances.

## JURY DEMAND

The Plaintiff hereby requests a trial by jury in this matter on all counts to which the Plaintiff is entitled to a jury.

MONTGOMERY LAW OFFICE

Robert Montgomery PK#0009774
Cummins Mansion, Suite 200
2404 Forest Drive
Des Moines, Iowa 50312
(515) 255-8830
(515) 255-8844 (FAX)
ATTORNEY FOR PLAINTIFF

Original and one copy filed.